■ FREDDIE BODRIC et al., Appellants, v. MAYFAIR CONSTRUCTION CORP., Respondent.— Order, Supreme Court, New York County, entered on March 2, 1972, so far as appealed from, unanimously reversed, on the law, and defendant's motion to dismiss the first cause of action denied. Appellants shall recover of respondent $60 costs and disbursements of this appeal. Plaintiffs, laborers on a construction project, sue in their first cause of action to recover the difference between the prevailing rate of wage and the amounts paid to them. Special Term dismissed this cause of action on the ground that the National Housing Act (U. S. Code, tit. 12, § 1715c) gives no private right of action. While it is quite correct that the statute contains no specific grant of such a right, this is not conclusive. The United States courts have often found an implied right of private suit by a person aggrieved where the statute did not specifically so provide (*United States* v. *Post,* 148 U. S. 124; *J. I. Case Co.* v. *Borak,* 377 U. S. 426; *Jordan Bldg. Corp.* v. *Doyle O'Connor & Co.,* 401 F. 2d 47; *Fischman* v. *Raytheon Mfg. Co.,* 188 F. 2d 783). Interpreting a similar statute our Court of Appeals held that denial of a right of private suit would be the grant of a right without a remedy, and held the grant implied (*Filardo* v. *Foley Bros.,* 297 N. Y. 217). Though this case was reversed on other grounds (336 U. S. 281), its principle has not been discredited by the Federal courts. Concur — Markewich, J. P., Steuer, Tilzer, Lane and Lynch, JJ.

■ DONALD EPSTEIN et al., Individually and Doing Business as DECO, Respondents, v. PAGANNE, LTD., Appellant. PAGANNE, LTD., Appellant, v. DONALD EPSTEIN et al., Individually and Doing Business as DECO, Respondents.— Judgment, Supreme Court, New York County, entered in these consolidated actions on December 27, 1972, after trial, dismissing the five causes of action asserted by Paganne, Ltd., the plaintiff in Action No. 2, appellant herein, and awarding judgment to Donald Epstein and Maurice Feingold, individually and doing business as Deco, plaintiffs in Action No. 1, respondents herein, unanimously modified, on the law and on the facts, to the extent of reversing the judgment in favor of respondents and dismissing the complaint in Action No. 1, reinstating the first cause of action in Action No. 2, awarding judgment on liability to appellant on said first cause of action, remanding the matter for an assessment of damages with regard thereto, and otherwise affirmed. Appellant shall recover of respondents one bill of $60 costs and disbursements. The overwhelming weight of the credible evidence in this record establishes that, after the sales agency agreement which forms the basis of these actions was executed, respondents failed to live up to the terms thereof. Respondents, Epstein and Feingold, doing business as a copartnership under the name of Deco, clearly did not " use its best efforts and energy in representing Paganne ". The trial court's finding to the contrary, which is based in part on its erroneous refusal to accept proof concerning the parties' understanding of the meaning of the quoted phrase, is not supported by the record and is against the weight of the evidence — even when viewed in the light most favorable to respondents. Concur — Markewich, J. P., Nunez, Murphy, Tilzer and Capozzoli, JJ.